IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CINDY KRUEGER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV425 |
| | ) | |
| V. | ) | |
| | ) | |
| SIGNS & SHAPES INT'L INC, | ) | **MEMORANDUM AND ORDER** |
| SCOTT BOWEN, Co-Owner, JEFF | ) | |
| SCHULTE, Manager, and DEE ANN | ) | |
| BOWEN, Sr. Sales Manager, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, the court finds that Plaintiff has failed to state a claim upon which relief can be granted. However, on its own motion, the court will allow Plaintiff to file an amended complaint.

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff brings this suit pursuant to Title VII of the Civil Rights Act and the Americans with Disabilities Act. Liberally construed, Plaintiff alleges that her employer terminated her employment and refused to hire her to fill other job vacancies within the company on account of her sex, disability and in retaliation for comments she made regarding discrimination in the workplace. (Filing No. 1.)

Plaintiff filed a Charge of Discrimination with the Nebraska Equal Opportunity Commission and received a right-to-sue notice on June 13, 2016. Plaintiff instituted this action on September 9, 2016.

## III. DISCUSSION

### 1. Title VII Discrimination Claims

Title VII forbids employment discrimination against "any individual" based on that individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). In order to set forth a prima facie case of gender discrimination under Title VII, Plaintiff must establish that she: (1) is a member of a protected class, (2) was qualified

for her job, (3) suffered an adverse employment action, and (4) there are facts that give rise to an inference of gender discrimination. [Holland v. Sam's Club, 487 F.3d 641, 644 (8th Cir. 2007)](). Here, Plaintiff alleges that she is a member of a protected class. She also alleges that she suffered an adverse employment action. However, Plaintiff does not sufficiently allege that she was qualified to perform the work or describe circumstances which give rise to an inference of discrimination. In short, Plaintiff has failed to plead sufficient factual content for the court to reasonably infer that Defendants are liable for the alleged misconduct.

### 2. ADA Claim

An employee seeking relief under the ADA must establish that: "[s]he was a disabled person within the meaning of the ADA, that [s]he was qualified to perform the essential functions of the job, and that [s]he suffered an adverse employment action under circumstances giving rise to an inference of unlawful discrimination." [Kozisek v. County of Seward, Neb., 539 F.3d 930, 934 (8th Cir. 2008)](). A person is disabled within the meaning of the ADA if she demonstrates that she has a physical or mental impairment which substantially limits one or more of her major life activities, that she has a record of such an impairment, or that she is regarded as having such an impairment. [Amir v. Sta. Louis University, 184 F.3d 1017, 1027 (8th Cir. 1999)]().

Plaintiff alleges that she suffers from rheumatoid arthritis and that she was undergoing testing for cancer at the time she was fired. However, Plaintiff does not provide any other details regarding her alleged disabilities. Further, Plaintiff does not describe any circumstances that would give rise to an inference that her termination or failure to be hired was actually related to any disability. Therefore, Plaintiff has failed to allege sufficient facts to state a viable ADA claim.

### 3. Retaliation

Under Title VII, it is unlawful for an employer to discriminate against an employee for opposing "any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3. "Conduct protected under the statute includes opposing ongoing discriminatory treatment as well as participating in an ADA or Title VII proceeding." *Kozisek v. Vishay Dale Electronics*, No. 8:06CV512, 2008 WL 427573, *5 (D. Neb. Feb. 14, 2008). The elements of a retaliation claim under Title VII or the ADA are: "(1) that the employee engaged in protected opposition to discrimination, (2) that the employee suffered an adverse employment action, and (3) that there is a casual connection between the protected activity and the adverse employment action." *Id*.

Plaintiff has not sufficiently alleged how she opposed any discriminatory practice or that her opposition resulted in her termination or failure to be hired for another position. Therefore, she has failed to state a plausible retaliation claim.

Out of an abundance of caution, the court will grant Plaintiff leave to file an amended complaint that states a claim upon which relief can be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this action without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by January 1, 2017, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: January 1, 2017: check for amended complaint.

DATED this 1st day of December, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge